Brian P. Walter, Bar No. 171429
bwalter@lcwlegal.com
Leighton E. Davis, Bar No. 281123
ldavis@lcwlegal.com
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045
Telephone:   310.981.2000
Facsimile:   310.337.0837

Attorneys for Defendant
CITY OF ANAHEIM

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTINA TALLEY,<br><br>          Plaintiff,<br><br>     v.<br><br>CITY OF ANAHEIM, a municipality, and DOES 1 through 50, inclusive,<br><br>          Defendant. | Case No.:<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. 1441(A) (FEDERAL QUESTION)** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant CITY OF ANAHEIM hereby removes to this Court the state court action described below.

1.     On October 20, 2014, Cristina Talley ("Plaintiff") filed with the Superior Court of the State of California in and for the County of Orange an unverified complaint against the City of Anaheim ("Defendant").  A copy of Plaintiff's unverified complaint in *Cristina Talley v. City of Anaheim*, Case No. 30-2014-00751921, is attached hereto as Exhibit "A."

2.     Defendant was personally served with a copy of the complaint and summons on October 23, 2014.  A copy of the Proof of Service of Summons is attached hereto as Exhibit "B."

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

3.  Defendant filed and served its unverified answer on November 21, 2014.  A copy of the unverified answer is attached hereto as Exhibit "C."

4.  Plaintiff's complaint alleges various causes of action, including a cause of action for Violation of Constitutional Right in Employment of a Tenured Public Employee – Due Process – 42 U.S.C. section 1983, a civil action of which this Court has original jurisdiction under 28 U.S.C. section 1331, in that it arises under the United States Constitution, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. section 1441(a).

5.  This NOTICE OF REMOVAL OF ACTION is filed with the District Court within thirty (30) days after receipt by Defendant of a copy of the operative pleading (i.e., the complaint) setting forth the claims for relief upon which removal of this action or proceeding is based in accordance with 28 U.S.C. section 1446(b). *See* 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based").

6.  Defendant City of Anaheim is the only defendant in this action.  As such, all defendants named in this action consent to the removal of this action pursuant to 28 U.S.C. section 1446(b)(2)(A).

7.  Defendant is providing prompt notice to all adverse parties of the filing of this NOTICE OF REMOVAL and will file a copy of the NOTICE with the Clerk of the Orange County Superior Court.

///
///
///
///
///
///

8.    For all these reasons, the above-described action now pending in the Superior Court of the State of California for the County of Orange should be removed to this District in accordance with the provisions of 28 U.S.C. sections 1331, 1441(a) and 1446(a) and (b).

Dated:  November 21, 2014                    LIEBERT CASSIDY WHITMORE

By:  */s/ Leighton E. Davis*
       Brian P. Walter
       Leighton E. Davis
       Attorneys for Defendant
       CITY OF ANAHEIM

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

# EXHIBIT A

1 | Rosemary S. Lewis, Esq., SBN 158891
Edward J. Morales, Esq., SBN 176062
2 | BORTON PETRINI, LLP
626 Wilshire Boulevard, Suite 975
3 | Los Angeles, California 90017
Tel: (213) 624-2869
4 | Fax: (213) 489-3930
emorales@bortonpetrini.com

5 | Attorneys for Plaintiff CRISTINA TALLEY

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange
**10/20/2014** at 03:37:42 PM
Clerk of the Superior Court
By Debbie Lechmann, Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ORANGE

| | |
|---|---|
| CRISTINA TALLEY,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF ANAHEIM a municipality, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 30-2014-00751921-CU-OE-CJC<br>Judge Kirk Nakamura<br><br>PLAINTIFF'S COMPLAINT FOR<br><br>1) Violation Of Constitutional Right In Employment Of A Tenured Public Employee – Due Process – 42 U.S.C. 1983<br>2) Breach Of Implied and/or Express Contract Of Continued Employment<br>3) Breach Of The Covenant Of Good Faith And Fair Dealing<br>4) National Origin-Ethnic Discrimination (Gov. Code Section 12940)<br>5) Gender Discrimination (Gov. Code Section 12940)<br>6) Age Discrimination (Gov. Section 12940)<br>7) Retaliation (Gov. Code Section 12940)<br>8) Failure To Properly Investigate Claim Of Discrimination, Harassment And Retaliation<br>9) Failure To Provide A Work Environment Free Of Discrimination, Harassment And Retaliation<br>10) Failure To Provide A Non-Hostile Work Environment |

COMES NOW Plaintiff and alleges as follows:

h:\059705\067
719\pld
complaint for
damages
final.docx

1

COMPLAINT FOR DAMAGES

04

1.     Plaintiff CRISTINA TALLEY at all relevant times to this action was a resident of the County of Orange, State of California.

2.     Plaintiff is informed and believes, and thereon alleges, that Defendant the CITY OF ANAHEIM is a California municipality located in the County of Orange, State of California and was incorporated on or about February 10, 1870.

3.     Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 to 50, inclusive. On information and belief, said defendants are in some manner responsible for the wrongful conduct hereinafter alleged. Plaintiff will amend this complaint to set forth the true names, capacities, and involvement when said information is ascertained. Plaintiff is informed and believes, and upon such information and belief, alleges that at all times relevant herein, each of the defendants acted in a manner set forth below and therefore became jointly and severally responsible for the damages suffered by plaintiff.

4.     This court has subject matter jurisdiction of the claims set forth herein because the monetary and equitable relief sought herein can only be awarded by this court. The court has personal jurisdiction over the named defendants and each of them, because they are residents of the County of Orange, State of California.

5.     Venue is proper in this judicial district because the acts and omissions given rise to the claims alleged herein took place in this judicial district.

6.     Plaintiff has exhausted all administrative remedies. Plaintiff has obtained a Right to Sue Letter from the Department of Fair Employment and Housing ("DFEH"). A copy which is attached hereto as Exhibit "A".

## FACTUAL BACKGROUND

7.     Cristina Talley, female, was born on October 2, 1956 and is of Hispanic descent. She was 56 years old at the time of her termination in January 2013.

8.     During all relevant times herein, until her date of termination, Ms. Talley was employed by the City of Anaheim. The City of Anaheim is an employer as defined by California Government Code §12926(d).

9.      The Anaheim City Council (hereinafter referred to as "City Council"), as the governing body of the City of Anaheim, acts, represents, and implements policy on behalf of the City of Anaheim.

10.      Ms. Talley was hired in 1996 as a Senior Assistant City Attorney, a tenured position. In December 2008, Ms. Talley was promoted to the position of City Attorney on an "acting basis" for the City of Anaheim. Ms. Talley and the City of Anaheim did not enter into an employment agreement when she was hired as the City Attorney. Her employment status was never changed from a tenured position to an at-will position.

11.      At no time during her employment with the City of Anaheim, did Ms. Talley waive her constitutional rights guaranteed to public employees by the due process clause of the United States and California Constitutions.

12.      In April 2009, the City Council, by unanimous vote, promoted Ms. Talley to City Attorney. Ms. Talley completed her probationary period in April 2010. Upon her promotion, she did not execute an at-will employment agreement. At all times during her tenure as City Attorney, Ms. Talley's employment records reflected a "Seniority Date" of August 26, 2005.

13.      Ms. Talley's was the first Latina City Attorney hired in Orange County.

14.      The City Charter does <u>not</u> provide that the City Attorney is appointed "at the will and pleasure" of the Council, thereby evidencing an intent by the voters of Anaheim who approved the Charter to create a property interest in that position. The City Charter does include the language "at the will and pleasure" of the Council in reference to the City Manager position.

15.      Prior to her appointment as City Attorney, Ms. Talley received the highest performance evaluations. Further, Ms. Talley was highly regarded throughout the City organization, and continues to be considered one of the most experienced and qualified municipal lawyers throughout the state.

16.      In the months prior to Ms. Talley's termination, she was continuously harassed and subjected to a hostile work environment by certain members of the City Council. Those members of the Council improperly attempted to involve Ms. Talley in political issues and challenged her legal opinions, even though the opinions were supported and affirmed by outside legal counsel hired by the

h:\05970S\067
719\pld
complaint for
damages
final.docx

3

COMPLAINT FOR DAMAGES

06

City. She was accused, without justification, of advocating for and acting on behalf of individual council members.

17. Additionally, when certain issues pending before the City Council angered the Latino Community, resulting in large turnouts of Latino citizens at Council meetings, certain members of the City Council implied that perhaps Ms. Talley would not and could not be objective in those matters. These issues included an economic assistance agreement ("EAA") pursuant to which the City waived the collection of the Transient Occupancy Tax ("TOT") for a hotel developer, and the filing of a lawsuit against the City alleging that the City's at-large voting system violated the California Voting Rights Act.

18. The Transient Occupancy Tax is a tax levied by the City on hotels. The money collected by this tax goes into the City's General Fund from which funds are available to build and maintain infrastructure, parks and pay for public safety, all of which the Latino community consider important. The EAA waived payment of these taxes for a period of years, which amounted to a multi-million dollar subsidy to the developer. Many members of the Latino community saw this as a "tax give away" arguing that these funds were being taken from their community.

19. The California Voting Rights Act of 2001, codified at Elections Code §14025, et seq., prohibits election methods which result in polarized voting along racial lines. The City of Anaheim was sued by members of the Latino community claiming that the City's at-large election system resulted in the lack of Latino representation on the City Council.

20. At the time of her termination, the on-going harassment that Ms. Talley endured was severe and pervasive. The ongoing harassing, disparaging, and humiliating conduct by the City Council created a hostile work environment.

21. During the March 6, 2012, City Council meeting, Council Member Kris Murray openly impugned Ms. Talley's integrity and character after she provided legal opinions with respect to the EAA and a potential initiative measure designed to prohibit such agreements without a vote of the citizens.

h:\059705\067
719\pld
complaint for
damages
final.docx

4

COMPLAINT FOR DAMAGES

07

22.     During a telephone conference call in or about March 2012, with Council Member Murray, Ms. Talley, and other Senior City staff, Murray became extremely rude, condescending, and sarcastic toward Ms. Talley attempting to embarrass her in front of her colleagues.

23.     In a June 18, 2012 meeting among City staff, Murray and representatives of a potential City contractor, Bike Nation, Murray verbally attacked Ms. Talley. Without any basis in fact, Murray intimated that Ms. Talley was intentionally trying to sabotage the project. Several City staff members approached Ms. Talley after this encounter to express their concern for her having had to endure such treatment. Not content to drop this issue, Murray continued to berate Ms. Talley in a subsequent email message that was copied to the City Manager and the Deputy City Manager.

24.     Prior to the June 10, 2012 City Council meeting held at a community center, Murray, asked the City Clerk, in a private conversation in which Murray intentionally excluded Ms. Talley, whether Ms. Talley had knowledge of purportedly erroneous information provided by the City Clerk concerning the number of signatures necessary for a TOT initiative measure which was being circulated within the city. The City Clerk advised Council Member Murray that it was solely the City Clerk's error and the City Clerk accepted full responsibility for providing the erroneous information.

25.     During meetings and in the presence of her colleagues and outside counsel, Murray openly criticized Ms. Talley's performance without justification and reason. The unfounded criticism was offered with indifference to any humiliation or embarrassment Ms. Talley may suffer.

26.     During an August, 2012 "performance evaluation" scheduled on 24-hours' notice by Council Members Murray, Eastman and Sidhu, conducted in part over a telephone conference, the following was discussed and/or occurred:

        a.     Eastman, via telephone conference, stated that she felt as though Ms. Talley was not representing "her" interests, yet could not articulate a single incident in support of her position. Instead, Eastman proclaimed her purported concern was based solely on a "feeling" she had about Ms. Talley;

        b.     Similarly, Sidhu stated that he had been unhappy with Ms. Talley for approximately six months (coincidentally, this six-month time period coincided with the Council's action on the TOT and EAA, strongly opposed by the Latino

h:\059705\067
719\pld
complaint for
damages
final.docx

5

COMPLAINT FOR DAMAGES

08

Community). Like Eastman, Sidhu could not identify a single example to support his dissatisfaction;

c. Murray, without any factual basis, repeatedly accused Ms. Talley of improper conduct and poor performance, suggesting that Ms. Talley's loyalty was only to the Mayor (whose position with respect to the EAA and the Voting Rights Act lawsuit was in line with the Latino Community and polar opposite to Murray, Eastman and Sidhu), to the exclusion of the City Council majority;

d. Murray came to the "performance evaluation" armed and alleged a list of baseless criticisms, including the TOT initiative measure signature issue for which the City Clerk had previously accepted full responsibility. Murray decided to blame Ms. Talley for this error anyway, despite the fact that the City Clerk had accepted complete responsibility for the error;

e. Notwithstanding the lack of any legitimate performance concerns, Ms. Talley was given a "Needs Improvement" rating on her evaluation by Council Members Murray, Eastman and Sidhu. On the other hand, Mayor Tait and Council Member Galloway rated Ms. Talley's performance as "Far Exceeds Expectations," which is consistent with Ms. Talley's previous performance ratings as Sr. Assistant City Attorney. Ms. Talley was provided with no performance measures, goals, or objectives, which, according to Human Resources Director Kristine Ridge, is the City's policy and practice with respect to performance evaluations, including those of Council appointees. This review was the first time in Ms. Talley's 16 years with the City where her performance was criticized, and it came at a time during which the City Council majority was under increasing criticism from the Latino Community.

27. Less than six months following the August, 2012 evaluation, the City Council convened again in closed session at the beginning of its January 29, 2013, meeting, under the guise of conducting yet another "performance evaluation" of Ms. Talley. During this sham performance evaluation initiated by Murray, Eastman again reiterated that she was not comfortable with Ms. Talley.

Once again, however, Eastman could not articulate a single objective reason for her discomfort. Instead, Eastman simply stated that there was "just something about" Ms. Talley that made her feel uneasy about her representation of the City.

28. During this sham performance in January 2013, Ms. Talley was not provided with a single specific instance where she failed to perform her duties as City Attorney. To the contrary, Ms. Talley was complemented for the creative initiatives she was prepared to bring forward during the next 12 months. Underscoring the disdain that Council Member Murray had for Ms. Talley, on the morning of January 29, 2013, Council Member Murray sent to Ms. Talley an email message -- the first that Ms. Talley had received from her in months -- stating that she was looking forward to meeting with Ms. Talley that evening. Of course, Council Member Murray knew full well of the action and intent that she and the Council majority possessed in seeking to pursue the termination of Ms. Talley as the City Attorney.

29. At the conclusion of the open session of the January 29, 2013 meeting, the City Council convened in closed session again to discuss Ms. Talley. As Ms. Talley walked into the closed session conference room, she was advised by Human Resources Director Kristine Ridge that she was going to be asked to resign and that Ms. Talley should just listen and not say anything.

30. After being called back into the closed session, Ms. Talley was informed by the City Council that a majority of the City Council had decided to go in a different direction. As a result, the City Council offered Ms. Talley an option to resign or face public termination.

31. Council Member Jordan Brandman, speaking on behalf of the City Council majority, stated that Ms. Talley had until the close of business on January 31, 2013 (approximately 48 hours) to submit her resignation, which would be effective on April 30, 2013. Ms. Talley was further told that she would be placed on administrative leave commencing February 1, 2013.

32. The next day, Ms. Talley discussed the matter with Human Resources Director Ridge. Ms. Talley inquired as to what the consequences might be if she did not follow Council Member Brandman's directive to resign by close of business on January 31st. She was told by Ms. Ridge that the City Council would place her dismissal as City Attorney on the February 5, 2013 council meeting agenda, an action which would place the matter in the public arena and ensure that the press would

h:\059705\067
719\pld
complaint for
damages
final.docx

7

COMPLAINT FOR DAMAGES

10

report on the matter. Furthermore, Ms. Ridge explained that if she did not meet the January 31st deadline, the "offer" would be withdrawn.

33. After consideration of the matter during the short time period provided and given the circumstances, potential financial consequences, embarrassment, humiliation and the likely potential future embarrassment and humiliation for Ms. Talley and her family, Ms. Talley submitted her letter of resignation at approximately 4:00 p.m. on January 31, 2013. Ms. Talley's letter included a statement that her resignation was involuntary and in lieu of being fired.

34. Ms. Talley was never afforded notice of the proposed discipline and the reasons therefor or a hearing on this issue or an opportunity to be heard. She was never provided a reason for her termination (i.e. where she failed in her duties as City Attorney). Ms. Talley was unlawfully and discriminately deprived of an opportunity to respond to any discipline, refute any factual allegations, point out the lack of any corroborating evidence or to mitigate the severity of the penalty. Rather, the City Council proceeded to terminate Ms. Talley and corner her into an inferior position wherein the best option was to resign instead of facing the humiliation of a public termination that would also hurt her family.

35. Ms. Talley was not provided notice or a *Skelly* hearing as required by law. (*Skelly v State Personnel Board* (1975) 15 Cal.3d. 194.) Ms. Talley was deprived of an opportunity to respond to any discipline, refute any factual allegations, point out the lack of any corroborating evidence, to mitigate the severity of the penalty, and was not provided with any specific instance wherein she failed to fulfill her duty as City Attorney.

36. Further, Ms. Talley was not even afforded the minimal notice that is provided under the City Charter to the City Manager, which is an at-will position.

37. After Ms. Talley's termination, she was replaced by a white male, under the age of 40, and with less experience. Additionally, Ms. Talley's successor was given a starting salary that was higher than that paid to Ms. Talley despite his inexperience.

38. In a little over two months, Ms. Talley was able to find new employment with a law firm and commenced working on July 8, 2013. However, the position only pays her approximately 35% of the salary she was making as the City Attorney.

h:\0597051067
719\pld
complaint for
damages
final.docx

8

COMPLAINT FOR DAMAGES

39. As a result of her termination, Ms. Talley and her family are now forced to pay increased monthly medical premiums, increased monthly dental premiums, and higher annual medical deductibles. Additionally, Ms. Talley has lost and will lose substantial retirement pension benefits.

### FIRST CAUSE OF ACTION
### VIOLATION OF CONSTITUTIONAL RIGHT IN
### EMPLOYMENT OF A TENURED PUBLIC
### EMPLOYEE – DUE PROCESS – 42 U.S.C. 1983

40. Plaintiff incorporates by this reference all of the allegations contained in paragraph 1 through 39 above as though fully set forth herein.

41. As a public employee in a tenured, non-probationary position, Ms. Talley had a constitutional right to continued employment in her position as City Attorney. Ms. Talley had a property right in her employment which prevented the City from terminating her without good cause. Further, Ms. Talley had a vested property right in her previously held tenured position as Senior Assistant City Attorney.

42. Ms. Talley was deprived of her property right in her employment position by the City Council without due process of law in violation of the 42 U.S.C. §1983, the Fourteenth Amendment of the United States Constitution and the California Constitution, Article I, Sec. 7.

43. Ms. Talley was initially promoted from Senior Assistant City Attorney to Acting City Attorney in December 2008. Thereafter, in April 2009, following a City Council unanimous vote, Ms. Talley was promoted to the position of City Attorney; her probationary period was completed in April 2010. At no time did Ms. Talley sign, nor was she requested to sign, an employment agreement with the City of Anaheim wherein her status was changed to that of an "at-will" employee. Nor did she relinquish any rights she held in her prior tenured employment position as Senior Assistant City Attorney.

44. For months prior to her termination, Ms. Talley began enduring unfounded and meritless ridicule, unprofessional behavior, harassment, and criticism, by some members of the City Council. Her professional and personal integrity were questioned and insulted by members of the City Council. Her loyalty to the City and the City Council were also questioned without any foundation. Ms. Talley's legal opinions, even though supported by independent outside counsel, were challenged

without merit. The behavior exhibited by some members of the City Council towards Ms. Talley coincided with political issues faced by the City Council wherein the Latino community raised vocal opposition to the positions and actions of the City Council majority (comprised of Members Murray, Eastman, and Sidhu).

45.     Prior to the commencement of the warrantless and baseless accusations, criticism and harassment of the City Council, Ms. Talley received stellar reviews for her work performance. Even after the harassment began, members of the City Council were unable to provide any specific instances to support their complaints of Ms. Talley.

46.     After a City Council closed session (on January 29, 2013), the City Council, acting on behalf of the City of Anaheim, decided to terminate Ms. Talley from her position. Ms. Talley was informed by the City Council that it was offering her the opportunity to resign, within 48 hours, or, if she did not resign (as informed by Ms. Ridge), have her termination placed on the agenda of a public City Council open session vote in February, 2013.

47.     At no time was Ms. Talley informed that she would be afforded a hearing or review of the decision to terminate her as the City Attorney, or her previously held tenured position.

48.     After shortly considering her options and given the potential embarrassment and humiliation that she would endure if "publicly" terminated via vote at the City Council's open session, Ms. Talley submitted her letter of resignation on January 31, 2013; as proposed and directed by the City Council. Ms. Talley's letter of resignation included a statement that it was involuntary and that she did not waive any of her rights.

49.     Ms. Talley's employment was terminated without notice or hearing and without an independent investigation. She was not afforded due process as required by law upon the termination of her property right in her employment by the City of Anaheim (acting by and through the City Council). She was not provided sufficient notice, a hearing before impartial decision-makers, or an opportunity to represent herself.

50.     Ms. Talley was not provided a *Skelly* hearing as required by law. (*Skelly v State Personnel Board* (1975) 15 Cal.3d. 194.) Ms. Talley was unlawfully and discriminately deprived of an opportunity to respond to any discipline, was not provided with any specific instance wherein she failed

h:\0597051067
719\pld
complaint for
damages
final.docx

10

COMPLAINT FOR DAMAGES

13

1  to fulfill her duties as City Attorney, refute any factual allegations, point out the lack of any
2  corroborating evidence or to mitigate the severity of the penalty. Rather, the members of the City
3  Council proceeded to terminate Ms. Talley and force her into a position wherein the best option was to
4  resign or face the humiliation of a public termination that would also hurt her family and professional
5  career.

6      51.      Additionally, Ms. Talley was not afforded even the minimal notice that is
7  provided under the City Charter to the City Manager, which is an at-will position. Instead, the City
8  Council used intimidation and veiled threats of a public termination and withdrawal of the City's
9  "offer" to coerce Ms. Talley into involuntarily resigning her position with the City.

10     52.      There was no consideration for the property right Ms. Talley had in the 16-year
11  career that she had with the City. Ms. Talley has a vested right to continued employment and the City
12  violated that right.

13     53.      As a result of Ms. Talley's employment termination, she has been damaged. The
14  damages include: lost wages; loss of future earnings; increased monthly medical premium payments;
15  increased monthly dental premium payments; increased monthly medical deductibles; loss of retirement
16  pension benefits; and emotional distress. Although Ms. Talley has accepted a new position with a law
17  firm (practicing in municipal law), she is still suffering loss of earnings. Ms. Talley has sustained
18  damages in an amount as yet undetermined, which are ongoing and continuing to accrue, in an amount
19  to be determined at the time of trial. Additionally, Ms. Talley has incurred attorney's fees and costs.

20                    **SECOND CAUSE OF ACTION**
                **BREACH OF IMPLIED AND/OR EXPRESS**
21              **CONTRACT OF CONTINUED EMPLOYMENT**

22     54.      Plaintiff incorporates by this reference all of the allegations contained in
23  paragraph 1 through 53 above as though fully set forth herein.

24     55.      Plaintiff alleges that the completion of her probationary period as City Attorney
25  together with her employment records showing a seniority date of August 26, 2005, the fact that the
26  City Charter does not assert that the City Attorney is appointed at the will and pleasure of the City
27  Council, and the fact that Ms. Talley never signed an agreement or waiver of her right to continued

28

h:\059705\067
719\pld
complaint for
damages
final.docx

11

COMPLAINT FOR DAMAGES

14

employment with the City formed the basis of an express or implied agreement between Ms. Talley and the City.

56. Plaintiff was employed by the defendant for 16 years, consistently received excellent performance evaluations, and remained in public employment in reliance on this agreement. Plaintiff further relied on the Human Resources Director's statement that the City Attorney does not have a written contract because the defendant has always dealt with its City Attorney professionally and fairly as assurance that she would not be terminated arbitrarily, without due process or without good cause.

57. Based on the implied and/or express contract, plaintiff had an employment contract with the defendant that plaintiff would be employed by the defendant so long as her performance was satisfactory and that the defendant would not discharge her without good or just cause.

58. The terms of the employment contract included, but were not limited to the fact that plaintiff had a constitutional right to continued employment with the defendant in that plaintiff, as a public employee, had a property interest in her position. Plaintiff's property interest in her employment could not be removed without due process of law. Further, defendant would not demote or discharge plaintiff without good cause and fair warning, based on objective and reasonable job evaluations of plaintiff.

59. Plaintiff at all times fulfilled her duties and conditions under the contract and has been ready, willing, and able to continue to perform them in a competent and satisfactory manner.

60. Notwithstanding the express or implied promise to terminate the employment contract only for good cause, on or about January 29, 2013, defendant terminated plaintiff's employment without specifying any good cause for the termination even though plaintiff had received consistently good performance evaluations, and was not told of any facts or instances where plaintiff failed to perform her duties as City Attorney. The City's review of plaintiff was below City standards, as explained by the City's Director of Human Resources, which requires objective instances where the employee failed to meet their duties. Ms. Talley was not provided with any performance measures,

h:\059705\067
719\pld
complaint for
damages
final.docx

12

COMPLAINT FOR DAMAGES

15

goals or objectives, was not afforded an opportunity to be heard, and was not provided with reasonable notice of her termination.

61.     As a proximate result of defendant's breach of the express or implied contract, plaintiff has suffered and continues to suffer losses in earnings and other benefits in an amount to be established at trial.

**THIRD CAUSE OF ACTION**
**BREACH OF THE COVENANT OF**
**GOOD FAITH AND FAIR DEALING**

62.     Plaintiff incorporates by this reference all of the allegations contained in paragraph 1 through 61 above as though fully set forth herein.

63.     Plaintiff performed all the duties conditions of the employment agreement. Defendant knew that plaintiff had fulfilled her duties, conditions under the contract. Defendant breached the implied covenant of good faith and fair dealing under the employment agreement by discharging plaintiff intentionally, maliciously, and without cause in bad faith and for reasons extraneous to the contract. Furthermore, defendant discharged plaintiff at a time when the City Council majority was coming under increasing criticism from the Latino community. The angrier the Latino community got, the more hostile the City Council majority became in its treatment of Ms. Talley. Defendant further breached the implied covenant of good faith and fair dealing by violating and failing to follow its own personnel policies by failing to provide an appropriate employment review which is the custom and practice of defendant. Defendant further breached the covenant of good faith and fair dealing by terminating plaintiff and depriving her of significant employment benefits, including but not limited to salary and retirement benefits.

64.     As a proximate result of defendant's breach of the implied covenant of good faith and fair dealing, plaintiff has suffered and continues to suffer losses in an amount to be established at trial. As a further and proximate result of defendant's breach of the implied covenant of good faith and fair dealing, plaintiff has incurred reasonable attorney's fees in attempting to secure the benefits owed plaintiff under the employment contract.

h:\059705\067
719\pld
complaint for
damages
final.docx

13

COMPLAINT FOR DAMAGES

## FOURTH CAUSE OF ACTION
## NATIONAL ORIGIN-ETHNIC DISCRIMINATION
## (GOV. CODE SECTION 12940)

65.     Plaintiff incorporates by this reference all of the allegations contained in paragraph 1 through 64 above as though fully set forth herein.

66.     Ms. Talley was discriminated against on the basis of her National Origin in violation of the California Fair Employment and Housing Act.

67.     Ms. Talley was subjected to intimation and innuendo that her national origin tainted her opinions and prevented her from being objective on issues affecting the Latino Community. Additionally, members of the City Council questioned and defamed Ms. Talley's loyalty and professional integrity and expressed concern that their personal interests and the interests of the City of Anaheim were not being protected as a result of Ms. Talley's national origin as a Latina woman.

68.     This discrimination, harassment, and hostility coincided with the period of time during which the Latino Community began to vocally oppose positions and actions of the City Council majority, comprised of and controlled by Council Members Murray, Eastman and Sidhu.

69.     Council Member Murray's complaint that Ms. Talley had a "bias" in favor of certain council members was nothing more than a pretext for Council Member Murray's real complaint: Ms. Talley's legal opinions, although objective and fully supported by the law and outside counsel, had the result of furthering the interests of the Latino Community with whom she associated Ms. Talley. Similarly, Council Member Eastman's "feelings" about Ms. Talley and her statement that there was "something about" Ms. Talley were thinly veiled references to Ms. Talley's national origin as a Latina woman.

70.     Based on the conduct of members of the City Council and in light of the issues involved in the EAA and the Voting Rights Act lawsuit, Ms. Talley's national origin was a substantial motivating reason for her termination.

71.     Ms. Talley was treated less favorably than others because of her national origin. It was because of the fact that Ms. Talley is a Latina that her loyalty and job performance were questioned, ridiculed and discredited. There is no evidence to show a legitimate non-discriminatory reason to explain the conduct of the City Council and the act to terminate Ms. Talley as the City

h:\0597051067
719\pld
complaint for
damages
final.docx

14

COMPLAINT FOR DAMAGES

17

Attorney. This is especially true, considering that prior to the commencement of the harassment Ms. Talley received stellar job performance reviews. Furthermore, even after members of the City Council began to harass Ms. Talley, members of the City Council were unable to provide specific and concrete circumstances/examples to explain any contention by them that Ms. Talley was not performing her duties well.

72. The disparaging, harassing, humiliating, disrespectful, and condescending conduct from the City Council towards Ms. Talley as a result of her national origin was severe and pervasive. This conduct lasted for many months.

73. After Ms. Talley's termination, she was replaced by a white male under the age of 40 with less experience than Ms. Talley. The Council majority's intent to replace Ms. Talley with a white male who was ultimately selected as Ms. Talley's successor was revealed as early as June 20, 2012, in an email in which Council Member Murray requested that Ms. Talley's successor be hired to provide a second opinion regarding issues on which Ms. Talley had previously and correctly opined.

74. As a result of the above-mentioned conduct, Ms. Talley has suffered damages. The damages include: lost wages; loss of future earnings; increased monthly medical premium payments; increased monthly dental premium payments; increased medical deductibles; loss of retirement pension benefits; and emotional distress. Although Ms. Talley has accepted a new position with a law firm (practicing in municipal law), she is still suffering loss of earnings. Ms. Talley has sustained damages in an amount as yet undetermined, which are ongoing and continuing to accrue, in an amount to be determined at the time of trial. Additionally, Ms. Talley is entitled to attorneys' fees and costs.

## FIFTH CAUSE OF ACTION
### GENDER DISCRIMINATION
### (GOV. CODE SECTION 12940)

75. Plaintiff incorporates by this reference all of the allegations contained in paragraph 1 through 74 above as though fully set forth herein.

76. Ms. Talley was discriminated against on the basis of her gender in violation of California Fair Employment and Housing Act.

h:\059705\067
719\pld
complaint for
damages
final.docx

15

COMPLAINT FOR DAMAGES

77.     Ms. Talley endured ridicule and harassment by members of the City Council as a result of being a woman (Latina). No other city official in a similar or equivalent level position was treated in the same manner as Ms. Talley. There was absolutely no basis for the treatment proffered by members of the City Council towards Ms. Talley.

78.     Ms. Talley's work performance received positive reviews. Even after the commencement of the disparate treatment, the members of the City Council were unable to provide specific instances/examples that demonstrated Ms. Talley's work performance as sub-par. Therefore, only ulterior reasons were behind Ms. Talley's employment termination by the City Council. The fact that Ms. Talley is a woman, of Hispanic descent, and over the age of 40 are all substantial and contributing reasons for Ms. Talley's employment termination.

79.     Further showing of the City Council's motive is the fact that after Ms. Talley's termination, she was replaced by a white male under the age of 40 with less experience than her.

80.     Further evidence of the gender discrimination being exhibited stems from Ms. Ridge, the Human Resources Director, telling Ms. Talley that she was going to file a Department of Fair Employment and Housing ("DFEH") complaint for gender discrimination. Ms. Ridge stated that she was going to use Ms. Talley as an example of the gender discrimination rampant "on the Seventh Floor," referring to the Office of City Manager and the City Council offices.

81.     The disparaging, harassing, humiliating, disrespectful, and condescending conduct from the City Council towards Ms. Talley as a result of her gender was severe and pervasive. This conduct by the City Council lasted for many months.

82.     As a result of the above-mentioned conduct, Ms. Talley has suffered damages. The damages include: lost wages; loss of future earnings; increased monthly medical premium payments; increased monthly dental premium payments; increased medical deductibles; loss of retirement pension benefits; and emotional distress. Although Ms. Talley has accepted a new position with a law firm (practicing in municipal law), she is still suffering loss of earnings. Ms. Talley has sustained damages in an amount as yet undetermined, which are ongoing and continuing to accrue, in an amount to be determined at the time of trial. Additionally, Ms. Talley is entitled to attorneys' fees and costs.

h:\059705\067
719\pld
complaint for
damages
final.docx

## SIXTH CAUSE OF ACTION
### AGE DISCRIMINATION
### (GOV. SECTION 12940)

83. Plaintiff incorporates by this reference all of the allegations contained in paragraph 1 through 82 above as though fully set forth herein.

84. Ms. Talley was discriminated against on the basis of her age in violation of California Fair Employment and Housing Act.

85. Ms. Talley's age was a substantial reason for her termination as the City Attorney.

86. The age discrimination became evident after her termination when she was replaced by a white male under the age of 40 with less experience than Ms. Talley. The City Council sought a City Attorney who was younger and more in-line with their views on the controversial and difficult issues facing the City of Anaheim.

87. The disparaging, harassing, humiliating, disrespectful, and condescending conduct from the City Council towards Ms. Talley was severe and pervasive. The conduct lasted for many months.

88. As a result of the above-mentioned conduct, Ms. Talley has suffered damages. The damages include: lost wages; loss of future earnings; increased monthly medical premium payments; increased monthly dental premium payments; increased medical deductibles; loss of retirement pension benefits; and emotional distress. Although Ms. Talley has accepted a new position with a law firm (practicing in municipal law), she is still suffering loss of earnings. Ms. Talley has sustained damages in an amount as yet undetermined, which are ongoing and continuing to accrue, in an amount to be determined at the time of trial. Additionally, Ms. Talley is entitled to attorneys' fees and costs.

## SEVENTH CAUSE OF ACTION
### RETALIATION (GOV. CODE SECTION 12940)

89. Plaintiff incorporates by this reference all of the allegations contained in paragraph 1 through 88 above as though fully set forth herein.

90. Ms. Talley was retaliated against by the City of Anaheim through the conduct of the majority of the City Council. This conduct was done in violation of Cal. Govt. Code §12940(h).

h:\059705\067
719\pld
complaint for
damages
final.docx

COMPLAINT FOR DAMAGES

91.     Several political issues facing the City of Anaheim and its Council became tumultuous and controversial.  In particular were those related to the TOT, EAA, and allegations of violations of the California Voting Rights Act.  The beginning of the disparate, harassing and discriminatory treatment against Ms. Talley coincided with the timing of the previously mentioned political issues.

92.     Ms. Talley's legal opinions regarding issues facing the City Council were unjustifiably challenged and ridiculed.  Ms. Talley was accused of advocating for and acting on behalf of individual council members.  Further, her loyalty, impartiality, and professional integrity were questioned when Ms. Talley was accused of not being able to be objective when dealing with issues in which the Latino Community was strongly opposed.

93.     Ms. Talley was subjected to rude behavior, condescending, and sarcastic remarks, public ridicule, verbal attacks, intimidation, false allegations, and sham performance evaluations. Regardless, Ms. Talley continued to perform her job well and to the best of her ability.

94.     Ms. Talley opposed the discrimination and harassment from members of the City Council.  She continued to provide sound, reliable, and lawful legal opinions, often confirmed by outside counsel, despite the unremarkably awful treatment by members of the City Council.  Further, she continued to perform her essential job functions in the best interest of the City of Anaheim.  This was met by further harassment, embarrassment, humiliation, discrimination, and subsequently retaliation.

95.     The City, by and through members of its City Council, retaliated against Ms. Talley because her legal opinions opposed the positions of the Council's majority and because Ms. Talley would not succumb to the Council's threat of intimidation, ridicule, harassment, embarrassment and discrimination.  As a result, she was terminated from her position as the City Attorney.  She was provided two termination options, resign within 48 hours, or be publicly terminated by City Council vote.

96.     Based on the above-mentioned conduct, Ms. Talley has suffered damages.  The damages include: lost wages; loss of future earnings; increased monthly medical premium payments; increased monthly dental premium payments; increased medical deductibles; loss of retirement pension benefits; and emotional distress.  Although Ms. Talley has accepted a new position with a law firm

h:\059705\067
719\pld
complaint for
damages
final.docx

18

COMPLAINT FOR DAMAGES

(practicing in municipal law), she is still suffering loss of earnings. Ms. Talley has sustained damages in an amount as yet undetermined, which are ongoing and continuing to accrue, in an amount to be determined at the time of trial. Additionally, Ms. Talley is entitled to attorneys' fees and costs.

## EIGHTH CAUSE OF ACTION
### FAILURE TO PROPERTY INVESTIGATE CLAIM OF
### DISCRIMINATION, HARASSMENT AND RETALIATION

97.     Plaintiff incorporates by this reference all of the allegations contained in paragraph 1 through 96 above as though fully set forth herein.

98.     As demonstrated above, Ms. Talley was subjected to discrimination, harassment, and retaliation, in the course and scope of her employment. By a majority of the City Council, she was subjected to the following: verbal abuse; professional and personal humiliation; faced unwarranted and unfounded criticism; improper and false accusations of wrongdoing, poor performance, and was targeted because of her national origin and gender; and unlawfully terminated.

99.     The City failed to take any reasonable steps to investigate the harassment, retaliation, or discrimination endured by Ms. Talley despite knowing of the conduct being directed towards her. The course of events described above occurred over several months, yet no steps were taken by the City to investigate the conduct.

100.     The conduct described herein was observed by many City officials; yet, no investigation was ever commenced. The despicable conduct was sufficiently evident that the City should have engaged in measures to investigate the conduct.

101.     Although no formal complaint was made by Ms. Talley, this does not alleviate the City's obligation to investigate. The harassment, discrimination, retaliation, ridicules and disparaging treatment was conducted both publicly and privately. Regardless, sufficient public officials were aware of the conduct being proffered that the City knew and/or should have known of the improper conduct.

102.     The failure to investigate (and, as a result thereof, failure to take any rectifying measures) led to continuous humiliation, harassment, discrimination and retaliation against Ms. Talley. The City's failure to address the improper conduct by members of the City Council led to the termination of Ms. Talley from her employment position.

h:\059705\067
719\pld
complaint for
damages
final.docx

19

COMPLAINT FOR DAMAGES

22

103.     As a result of the above-mentioned conduct, Ms. Talley has suffered damages. The damages include: lost wages; loss of future earnings; increased monthly medical premium payments; increased monthly dental premium payments; increased medical deductibles; loss of retirement pension benefits; and emotional distress. Although Ms. Talley has accepted a new position with a law firm (practicing in municipal law), she is still suffering loss of earnings. Ms. Talley has sustained damages in an amount as yet undetermined, which are ongoing and continuing to accrue, in an amount to be determined at the time of trial. Additionally, Ms. Talley is entitled to attorneys' fees and costs.

## NINTH CAUSE OF ACTION
### FAILURE TO PROVIDE A WORK ENVIRONMENT FREE
### OF DISCRIMINATION, HARASSMENT AND RETALIATION

104.     Plaintiff incorporates by this reference all of the allegations contained in paragraph 1 through 103 above as though fully set forth herein.

105.     The City failed to take any reasonable steps necessary to prevent discrimination and harassment from occurring.

106.     Ms. Talley was subjected to discrimination, harassment, and retaliation, in the course and scope of her employment. By a majority of the City Council, she was subjected to the following: verbal abuse; professional and personal humiliation; faced unwarranted and unfounded criticism; improper and false accusations of wrongdoing, poor performance, and was targeted because of her national origin and gender; and unlawfully terminated.

107.     The City knew and/or should have known of the discriminatory and harassing conduct being exhibited by members of the City Council. The conduct described herein was observed by many City officials; yet, no remedial or preventive action was ever taken. Further, no investigation was ever conducted. The despicable conduct was sufficiently evident that the City should have engaged in measures to remedy and prevent the conduct.

108.     The City had a mandatory and affirmative duty to prevent harassment and discrimination. Yet, it failed to uphold its duty.

109.     The failure to prevent a work environment free of harassment, discrimination and retaliation led to the eventual termination of Ms. Talley from her City Attorney position.

h:\0597.05\067
719\pld
complaint for
damages
final.docx

110.    As a result of the above-mentioned conduct, Ms. Talley has suffered damages. The damages include: lost wages; loss of future earnings; increased monthly medical premium payments; increased monthly dental premium payments; increased medical deductibles; loss of retirement pension benefits; and emotional distress. Although Ms. Talley has accepted a new position with a law firm (practicing in municipal law), she is still suffering loss of earnings. Ms. Talley has sustained damages in an amount as yet undetermined, which are ongoing and continuing to accrue, in an amount to be determined at the time of trial. Additionally, Ms. Talley is entitled to attorneys' fees and costs.

**TENTH CAUSE OF ACTION**
**FAILURE TO PROVIDE A NON-HOSTILE**
**WORK ENVIRONMENT**

111.    Plaintiff incorporates by this reference all of the allegations contained in paragraph 1 through 110 above as though fully set forth herein.

112.    It is undeniable that Ms. Talley was subjected to a hostile work environment. Her workplace was permeated with discrimination, intimidation, ridicule and insult.

113.    During Ms. Talley's tenure, the City Council engaged in the following: unsoundly questioned Ms. Talley's legal opinions; accused her of select favoritism; implied that she could not be objective in her position because she was Latina; questioned her personal and professional integrity without any reason; criticized her performance without specific instances of poor performance; subjected her to public verbal attack and intimidation; openly criticized her in front of colleagues; made false accusations regarding Ms. Talley's representation of the City and her performance without any scintilla of support for their contention; and subjected Ms. Talley to personal attacks, humiliation, and professional disparagement.

114.    The abusive conduct from the City Council was directed at Ms. Talley as a result of her gender, age, national origin and in retaliation for offering opinions and recommendations not appealing to a majority of the City Council.

115.    For an extended period of time, Ms. Talley endured undeserved and unlawful ridicule, harassment, and embarrassment from members of the City Council. The harassment was on a

h:\0597\05\067
719\pld
complaint for
damages
final.docx

continuous basis until her termination. Ms. Talley considered the work environment to be hostile and abusive.

116.     The harassing conduct was a substantial factor in causing Ms. Talley harm. As a result of the harassing conduct, her employment was terminated. Because of the despicable conduct she endured, when faced with the option to forcibly resign or face public termination by vote of the City Council, Ms. Talley decided to involuntarily resign. Further, the continuous harassment caused great emotional harm; including sleep deprivation, anxiety, embarrassment, and humiliation.

117.     The damages suffered by Ms. Talley include: lost wages; loss of future earnings; increased monthly medical premium payments; increased monthly dental premium payments; increased medical deductibles; loss of retirement pension benefits; and emotional distress. Although Ms. Talley has accepted a new position with a law firm (practicing in municipal law), she is still suffering loss of earnings. Ms. Talley has sustained damages in an amount as yet undetermined, which are ongoing and continuing to accrue, in an amount to be determined at the time of trial. Additionally, Ms. Talley is entitled to attorneys' fees and costs.

///
///
///
///
///
///
///
///
///
///
///
///
///
///

h:\059705\067
719\pld
complaint for
damages
final.docx

COMPLAINT FOR DAMAGES

25

1    **WHEREFORE**, Plaintiff Cristina Talley prays as follows:

2        1.    For judgment in favor of Plaintiff against Defendant City of Anaheim and Does 1 through

3    20;

4        2.    For compensatory damages in an amount to be determined at the time of trial;

5        3.    For reasonable attorneys' fees and allowable costs incurred by Plaintiff herein; and

6        4.    For such other and further relief that is proper and just.

7    Dated: October 17, 2014                    BORTON PETRINI, LLP

8

9

10                                        By
                                            ROSEMARIE  S.  LEWIS,  EDWARD  J.
11                                         MORALES,    Attorneys    for    Plaintiff
                                            CRISTINA TALLEY

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

h:\059705\067
719\pld
complaint for
damages
final.docx

COMPLAINT FOR DAMAGES

# Exhibit A



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

DIRECTOR PHYLLIS W. CHENG

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | Videophone 916-226-5285 | TTY 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

Jan 23, 2014

Cristina Talley
6 Golf Ridge
Dove Canyon, CA 92679

RE: **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 208524-87995
Right to Sue: Talley / City Of Anaheim c/o City Clerk, City of Anaheim

Dear Cristina Talley:

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective Jan 23, 2014 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

**This letter is also your Right to Sue notice.** According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commision (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Department of Fair Employment and Housing

Enclosures
cc: City Of Anaheim c/o City Clerk

28

# SUMMONS
## (CITACION JUDICIAL)

RECEIVED

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CITY OF ANAHEIM a municipality and DOES 1 through 30, inclusive

OFFICE OF CITY CLERK
CITY OF ANAHEIM

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**10/20/2014** at 03:37:42 PM

Clerk of the Superior Court
By Debbie Lechmann, Deputy Clerk

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CRISTINA TALLEY

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court, County of Orange<br>700 Civic Ctr Drive West<br><br>Santa Ana, CA 92702 | CASE NUMBER:<br>30-2014-00751921-CU-OE-CJC<br><br>Judge Kirk Nakamura |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Rosemarie S. Lewis, Esq. SBN 158891,      (213) 624-2869      (213) 489-3930
Edward J. Morakes, Esq., SBN 176062
BORTON, PETRINI LLP
626 Wilshire Blvd., Suite 975, Los Angeles, CA 90017

| DATE: | | Clerk, by | Debra Lechmann | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | 10/20/2014 Alan Carlson, Clerk of the Court | *(Secretario)* | Debra Lechmann | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* City of Anaheim, a Municipality

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* 416.50

4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Legal<br>Solutions<br>Plus | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|---|

29

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Rosemarie S. Lewis SBN 158891<br>Edward J. Morales, Esq., SBN 176062<br>BORTON, PETRINI LLP<br>626 Wilshire Blvd., Suite 975<br>Los Angeles, CA 90017<br>TELEPHONE NO.: 213.624-2869   FAX NO.: (213) 489-3930<br>ATTORNEY FOR *(Name):* Plaintiff, CRISTINA TALLEY | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br>**10/20/2014** at 03:37:42 PM<br>Clerk of the Superior Court<br>By Debbie Lechmann,Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 700 Civic Ctr Drive West
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA 92702
BRANCH NAME:

CASE NAME: TALLEY v CITY OF ANAHEIM

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 30-2014-00751921-CU-OE-CJC<br>JUDGE: Judge Kirk Nakamura<br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [X] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties      d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel  e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence          f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* 10
5. This case [ ] is  [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: 10/20/2014
Edward J. Morales                                                  ▶
_____                                   _____
(TYPE OR PRINT NAME)                                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Legal<br>Solutions<br>Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |
|---|---|---|---|



**EXHIBIT B**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
BORTON PETRINI, LLP
Rosemary S. Lewis, Esq. (SBN 158891); Edward J. Morales, Esq. (SBN 176062)
626 Wilshire Boulevard, Suite 975
Los Angeles, California 90017
TELEPHONE NO: (213) 624-2869     FAX NO. (Optional): (213) 489-3930
E-MAIL ADDRESS (Optional): emorales@bortonpetrini.com
ATTORNEY FOR (Name): Plaintiff CRISTINA TALLEY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, California 92701
BRANCH NAME: CENTRAL JUSTICE CENTER

**FOR COURT USE ONLY**

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**10/28/2014** at 02:21:00 PM

Clerk of the Superior Court
By e Clerk, Deputy Clerk

PLAINTIFF/PETITIONER: CRISTINA TALLEY

DEFENDANT/RESPONDENT: CITY OF ANAHEIM a municipality

CASE NUMBER:
30-2014-00751921-CU-OE-CJC

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>1152681K |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [✓] summons
   b. [✓] complaint
   c. [ ] Alternative Dispute Resolution (ADR) package
   d. [✓] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [ ] other *(specify documents):*

3. a. Party served *(specify name of party as shown on documents served):*
      CITY OF ANAHEIM a municipality

   b. [✓] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      Steve Okimoto, Records Coordinator, authorized person to accept service of process

4. Address where the party was served:
   200 South Anaheim Boulevard, Suite 217, Anaheim, California 92805

5. I served the party *(check proper box)*
   a. [✓] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 10/23/2014     (2) at *(time):* 9:34 a.m.
   b. [ ] **by substituted service.** On *(date):*     at *(time):*     I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*     from *(city):*     or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |
|---|---|---|

31

| PLAINTIFF/PETITIONER: CRISTINA TALLEY | CASE NUMBER: |
| DEFENDANT/RESPONDENT: CITY OF ANAHEIM a municipality | 30-2014-00751921-CU-OE-CJC |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date)*:     (2) from *(city)*:

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section)*:

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify)*:
  c. ☐ as occupant.
  d. ☑ On behalf of *(specify)*: CITY OF ANAHEIM a municipality
    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☑ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**
  a. Name: Sidney Foster, Ace Attorney Service, Inc.
  b. Address: 310 West 3rd Street, Santa Ana, California 92701
  c. Telephone number: (714) 543-4220
  d. **The fee** for service was: $
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☑ a registered California process server:
      (i) ☐ owner ☑ employee ☐ independent contractor.
      (ii) Registration No.: PSC2943
      (iii) County: ORANGE

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

  or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: October 24, 2014

SIDNEY FOSTER
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶              (SIGNATURE)



**EXHIBIT C**

ELECTRONICALLY FILED
Superior Court of California,
County of Orange

**11/21/2014** at 03:48:00 PM

Clerk of the Superior Court
By James M Haines,Deputy Clerk

1  Brian P. Walter, Bar No. 171429
   bwalter@lcwlegal.com
2  Leighton E. Davis, Bar No. 281123
   ldavis@lcwlegal.com
3  LIEBERT CASSIDY WHITMORE
   A Professional Law Corporation
4  6033 West Century Boulevard, 5th Floor
   Los Angeles, California 90045
5  Telephone:    310.981.2000
   Facsimile:    310.337.0837
6
7  Attorneys for Defendant
   CITY OF ANAHEIM

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                        COUNTY OF ORANGE

11  CRISTINA TALLEY,                    Case No.:  30-2014-00751921-CU-OE-CJC

12              Plaintiff,              [ASSIGNED FOR ALL PURPOSES TO
                                         KIRK H. NAKAMURA, DEPT. C15]
13       v.
                                        Complaint Filed: October 20, 2014
14  CITY OF ANAHEIM, a municipality,
    and DOES 1 through 50, inclusive,   **ANSWER TO UNVERIFIED COMPLAINT**
15
                Defendants.
16
                                        **(*Exempt from filing fees pursuant to Gov.
17                                       Code, § 6103.)**

18

19       Defendant CITY OF ANAHEIM (hereinafter referred to as "Defendant"), for itself alone,

20  answers the unverified Complaint of Plaintiff CRISTINA TALLEY ("Plaintiff") as follows:

21       Pursuant to California Code of Civil Procedure section 431.30, subdivision (d), Defendant

22  denies, generally and specifically, each and every allegation contained in the unverified complaint

23  and each and every purported cause of action set forth therein.  Defendant also denies, generally

24  and specifically, that Plaintiff is entitled to the relief requested, or any relief at all, or that Plaintiff

25  has been or will be damaged in any amount, or at all, by reason of any act, omission, or breach on

26  the part of Defendant, or on the part of any of Defendant's agents, servants, employees, or any of

27  them.

28

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

## **AFFIRMATIVE DEFENSES**

Defendant alleges each of the following as separate and distinct affirmative defenses:

### **FIRST AFFIRMATIVE DEFENSE**

1.  Plaintiff's Complaint, and each cause of action therein, fails to state a claim upon which relief may be granted.

### **SECOND AFFIRMATIVE DEFENSE**

2.  Plaintiff's Complaint, and each cause of action therein, is barred because it does not arise from, nor was Plaintiff injured as a result of, any officially-adopted agency policy, practice, or custom.

### **THIRD AFFIRMATIVE DEFENSE**

3.  Plaintiff's Complaint, and each cause of action therein, is barred because at all times, Defendant acted in good faith and in conformity with applicable laws, ordinances, regulations, rules, and policies.

### **FOURTH AFFIRMATIVE DEFENSE**

4.  Plaintiff's Complaint, and each cause of action therein, is barred because at all times, Defendant exercised reasonable care to prevent any and all alleged wrongful conduct and to eliminate such when it might occur and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to avoid harm otherwise.

### **FIFTH AFFIRMATIVE DEFENSE**

5.  Defendant alleges that the acts of Defendant's councilmembers, managers, or employees are privileged under all applicable statutory and common law privileges.

### **SIXTH AFFIRMATIVE DEFENSE**

6.  Plaintiff's Complaint, and each cause of action therein, is barred by the applicable statutes of limitation, including the statute of limitations provided in California Code of Civil Procedure section 339.

### **SEVENTH AFFIRMATIVE DEFENSE**

7.  Plaintiff's Complaint, and each cause of action therein, is barred because Plaintiff failed to

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

comply with the California Government Claims Act, including Government Code section 905, prior to initiating the instant suit for damages.

### EIGHTH AFFIRMATIVE DEFENSE

8.  Plaintiff's Complaint, and each cause of action therein, is barred by the privileges and immunities applicable to public employees and agencies, including the immunities under California Government Code sections 815, 815.2, 815.3, 815.6, 818.2, 818.8, 820, 820.2, 820.4, 820.6, 820.8, 820.9, 821, 821.6, and 822.2.

### NINTH AFFIRMATIVE DEFENSE

9.  Plaintiff's Complaint, and each cause of action therein, is barred by Plaintiff's failure to exhaust administrative remedies, including, but not limited to, internal remedies and/or grievance or appeal procedures, and external administrative or judicial procedures or remedies, including the administrative remedies set forth in the FEHA (Cal. Gov. Code, § 12900 *et seq.*)

### TENTH AFFIRMATIVE DEFENSE

10. Plaintiff's Complaint, and each cause of action therein, is barred by Plaintiff's failure to take reasonable affirmative action to mitigate her damages.

### ELEVENTH AFFIRMATIVE DEFENSE

11. Plaintiff's Complaint is limited or barred based on after-acquired evidence that Defendant has presently and/or may acquire during the course of this litigation.

### TWELFTH AFFIRMATIVE DEFENSE

12. Plaintiff's Complaint, and each cause of action therein, is barred because Plaintiff cannot establish that any of the alleged conduct was ratified by Defendant.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. Plaintiff's Complaint, and each cause of action therein, is barred because any unlawful or other wrongful acts taken by Defendant's agents or employees were outside the scope of their authority and such acts, if any, were not authorized, ratified by or condoned by Defendant, and Defendant did not know nor should not have known of such conduct.

///

## FOURTEENTH AFFIRMATIVE DEFENSE

14. Plaintiff's Complaint, and each cause of action therein, is barred because the injuries, damages, or losses that Plaintiff alleges, if any, resulted from a cause or causes not legally related to any act or omission by Defendant.

## FIFTEENTH AFFIRMATIVE DEFENSE

15. Plaintiff's Complaint, and each cause of action therein, is barred because Defendant had legitimate, good faith, non-discriminatory, and non-retaliatory business reasons, which were not a pretext for discrimination, harassment, or retaliation, for each and every alleged employment action regarding Plaintiff.

## SIXTEENTH AFFIRMATIVE DEFENSE

16. Plaintiff's Complaint, and each cause of action therein, is barred because any alleged adverse employment action against Plaintiff would have been taken regardless of Plaintiff's alleged protected activity.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17. Plaintiff's Complaint, and each cause of action therein, is barred by the doctrine of unclean hands.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18. Plaintiff's Complaint, and each cause of action therein, is barred on the ground that Defendant took immediate and appropriate efforts to investigate and remedy Plaintiff's complaints.

## NINETEENTH AFFIRMATIVE DEFENSE

19. Plaintiff's Complaint, and each cause of action therein, is barred on the ground that Defendant did not have knowledge that Plaintiff was subject to discrimination, harassment, or retaliation in the workplace as alleged in her Complaint.

## TWENTIETH AFFIRMATIVE DEFENSE

20. Plaintiff's Complaint, and each cause of action therein, is barred because Defendant's legitimate, non-discriminatory, and non-retaliatory motivations and reasons for its decisions, standing alone, induced it to make those decisions and/or Plaintiff's

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

membership in a protected class was not a substantial motivating factor in any of Defendant's decisions.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21. Plaintiff's Complaint, and each cause of action therein, is barred by workers' compensation exclusivity, and/or worker's compensation is the exclusive forum for such claims.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22. Plaintiff's Complaint, and each cause of action therein, is barred on the ground that Plaintiff consented.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

23. Plaintiff's Complaint, and each cause of action therein, is barred because Plaintiff unreasonably failed to comply with Defendant's policies and procedures for reporting misconduct and/or take advantage of Defendant's safeguards to avoid and eliminate the alleged wrongful conduct, which failure to act by Plaintiff could have avoided any harm.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

24. Plaintiff's Complaint, and each cause of action therein, is barred by Labor Code section 2922 and because Plaintiff was an at-will employee.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

25. Plaintiff's Complaint, and each cause of action therein, is barred by the statute of frauds.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

26. Plaintiff's Complaint, and each cause of action therein, is barred by Government Code section 54963 to the extent that Plaintiff relies on communications that occurred in closed-session City Council meetings to prove her claims.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27. Plaintiff's Complaint, and each cause of action therein, is barred by Business and Professions Code section 6068 and the doctrine of attorney-client privilege to the extent that Plaintiff relies confidential communications to prove her claims.

WHEREFORE, this answering Defendant prays that:

1  1.  The complaint be dismissed, with prejudice;

2  2.  Plaintiff take nothing by way of her complaint;

3  3.  For costs of suit incurred herein, and attorney fees;

4  4.  For such other and further relief as the Court deems just and appropriate

5 Dated: November ___, 2014    LIEBERT CASSIDY WHITMORE

6

7        By: _____

8           Brian P. Walter
            Leighton E. Davis

9           Attorneys for Defendant
            CITY OF ANAHEIM

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of LOS ANGELES, State of California.  I am over the age of 18 and not a party to the within action; my business address is:  **6033 West Century Boulevard, 5th Floor, Los Angeles, California 90045.**

On November 21, 2014, I served the foregoing document(s) described as **ANSWER TO UNVERIFIED COMPLAINT** in the manner checked below on all interested parties in this action addressed as follows:

> Rosemary S. Lewis, Esq.
> Edward J. Morales, Esq.
> BORTON PETRINI, LLP
> 626 Wilshire Boulevard, Suite 975
> Los Angeles, California  90017
> Telephone: (213) 624-2869
> Facsimile: (213) 489-3930
> emorales@bortonpetrini.com

☑    **(BY ELECTRONIC SERVICE)**  By electronically mailing a true and correct copy through Liebert Cassidy Whitmore's electronic mail system from sfung@lcwlegal.com to the email address(es) set forth above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Executed on November 21, 2014, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

*/s/ Sharon Y. Fung*
Sharon Y. Fung

876014.3  AN020-049

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of LOS ANGELES, State of California. I am over the age of 18 and not a party to the within action; my business address is:

**6033 West Century Boulevard, 5th Floor, Los Angeles, California 90045.**

On November 24, 2014, I served the foregoing document(s) described as **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. 1441(A) (FEDERAL QUESTION)** in the manner checked below on all interested parties in this action addressed as follows:

Rosemary S. Lewis, Esq.
Edward J. Morales, Esq.
BORTON PETRINI, LLP
626 Wilshire Boulevard, Suite 975
Los Angeles, California 90017
Telephone: (213) 624-2869
Facsimile: (213) 489-3930
emorales@bortonpetrini.com

☑ **(BY U.S. MAIL)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on November 24, 2014, at Los Angeles, California.

I declare that I am employed by the office of a member of the bar of this Court at whose direction the service was made.

_____
Sharon Y. Fung